**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| David Seabrook, | ) | Civil Action No. 2:20-03093-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| City of North Charleston, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge

(Dkt. No. 17) recommending the Court grant in part and deny in part Defendants'[1] motion to

dismiss (Dkt. No. 4). For the reasons set forth below, the Court adopts in part and declines to

adopt in part the R & R as the order of the Court and grants in part and denies in part

Defendants' motion to dismiss.

## I.    Background

Plaintiff alleges in his amended complaint[2] that on July 4, 2017, North Charleston hosted

a Fourth of July celebration in its Riverfront Park, at which Plaintiff was in attendance. (Dkt. No.

---

[1]

 Defendants are the City of North Charleston, South Carolina ("North Charleston"); Charleston
County, South Carolina EMS ("Charleston EMS"); North Charleston Police Officer Sgt. Robert
Kruger ("Kruger"); North Charleston Police Officer Robert Thomes ("Thomes"); North Charleston
K-9 Police Officer D. Green ("Green"); North Charleston Police Officer William Taylor ("Taylor");
John Doe; and Charleston County EMT April Gadsden's ("Gadsden") (collectively, "Defendants")
[2] Originally, Plaintiff filed this action against only North Charleston and Charleston EMS in state
court. (Dkt. No. 1-1 at 1). North Charleston and Charleston EMS subsequently moved to
dismiss Plaintiff's assault and battery and negligent infliction of emotional distress ("NEID")
claims. (*Id.* at 34). The state court held oral arguments and then denied the motion. (*Id.* at 45).
Plaintiff then amended his complaint to include federal claims and the individually named
Defendants. (Dkt. No. 1-2). On August 27, 2020, Defendants removed this action to federal
court under 28 U.S.C. §§ 1441 and 1443. (Dkt. No. 1).

1-2 at 46-47).    At about 7:00 PM, Plaintiff alleges that Plaintiff's ex-girlfriend, also in attendance at the concert, approached Defendants and told them that Plaintiff had an active warrant against him for a domestic incident. (*Id.*).    Plaintiff's ex-girlfriend allegedly further reported that she had a restraining order against Plaintiff, thereby proscribing him from being at the park, and that if law enforcement contacted him, he would flee. (*Id.*).    Plaintiff alleges that acting on this information, Defendants approached him as he was talking on his cell phone. (*Id.*). Upon approaching him, Plaintiff alleges that Defendants "made no attempt to verify" the information Plaintiff's ex-girlfriend provided to them. (*Id.*)    Plaintiff alleges Defendants subsequently seized him, wrestled him to the ground, placed him in handcuffs and shackles, and administered him a ketamine injection. (*Id.* at 48).    Plaintiff further asserts that he "offered to willingly enter the transport van prior to administration of the chemical restraint" and that he "never offered or attempted to harm the Defendants."

Plaintiff brings nine causes of action. They are: (1) negligence against North Charleston; (2) negligent supervision and training against North Charleston; (3) assault and battery against all Defendants; (4) negligent infliction of emotional distress against all Defendants; (5) malicious prosecution against North Charleston; (6) false imprisonment and false arrest against North Charleston; (7) false arrest and malicious prosecution in violation of the Fourth Amendment of the Constitution under 42 U.S.C. § 1983 against Kruger, Thomes, Green, Taylor, Doe, and Gadsden; (8) excessive force in violation of the Eighth Amendment of the Constitution under 42 U.S.C. § 1983 against. Kruger, Thomes, Green, and Taylor, John Doe, and April Gadsden; and (9) deprivation of due process in violation of the Fourteenth Amendment of the Constitution under 42 U.S.C. § 1983 against Kruger, Thomes, Green, Taylor, Doe, and Gadsden.

On September 3, 2020, Defendants filed a motion to dismiss. (Dkt. No. 4). Plaintiff filed a response in opposition to Defendants' motion on September 28, 2020. (Dkt. No. 10). Defendants filed a reply on October 5, 2020. (Dkt. No. 12).

On October 29, 2020 the Magistrate Judge filed an R & R, (Dkt. No. 17), recommending that Defendants' motion be granted in part and denied in part. Both Plaintiff and Defendants filed objections to the R & R, (Dkt. Nos. 20 and 22), and both Plaintiff and Defendants have filed replies to each other's objections, (Dkt. Nos. 24 and 30).

Defendants' motion is fully briefed and ripe for disposition.

## II.    Legal Standard

### a.    Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight.  The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).  This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2).  Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted).  "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015).  Both Plaintiff and Defendants have filed objections to the R & R, and the R & R is reviewed *de novo*.

3

**b. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**I.    Discussion**

4

After careful review of the record, the parties' objections, and the R & R, the Court adopts the following findings of the Magistrate Judge to which no party objected: (1) that Defendants' motion be denied as to Plaintiff's First and Second causes of action; and (2) that Defendants' motion be granted as to Plaintiffs' Plaintiff's Fifth, Eighth and Ninth causes of action.

Next, the Magistrate Judge recommend that Defendants' motion to dismiss be denied as to Plaintiff's Sixth (state false arrest) and Seventh (§ 1983 false arrest) causes of action. Defendants object to this finding, (Dkt. No. 22 at 2-4), repeating substantially the same arguments as advanced in their prior briefing. Defendants note, and the Magistrate Judge acknowledged in the R & R, that Plaintiff was arrested on the day in question for resisting arrest, simple possession of marijuana, and breach of peace. (Dkt. No. 10 at 8) (citing to publicly available court documents).[3]  Plaintiff was convicted of the simple possession and breach of peace charges, but the State dropped the resisting arrest charge. (*Id.*).  Defendants thus argue that the Magistrate Judge incorrectly denied their motion to dismiss as to Plaintiff's false arrest claims because,  "[w]ith regard to the § 1983 False Arrest and Malicious Prosecution claim, our courts have held that when a person is convicted on a charge, that in and of itself establishes probable cause for purposes of a claim for unreasonable seizure." (Dkt. No. 22 at 2).

---

[3] In reviewing a Rule 12(b)(6) dismissal, a court may properly take judicial notice of matters of public record. *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) (noting it was proper during Rule 12(b)(6) review to consider "publicly available [statistics] on the official redistricting website of the Virginia Division of Legislative Services") (citing *Papasan v. Allain*, 478 U.S.265, 268 n. 1 (1986)) ("Although this case comes to us on a motion to dismiss ..., we are not precluded in our review of the complaint from taking notice of items in the public record...."); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (citation omitted)).

After careful examination of the pertinent case law, and considering the factual disputes surrounding Plaintiff's arrest, the Court finds that the Magistrate Judge correctly determined dismissal of Plaintiff's federal and state false arrest claims at this juncture would be improper. Namely, factual issues exist which preclude finding that Plaintiff's arrest was supported by probable cause. *See Quinn v. Cain*, 714 F. Supp. 938, 941 (N.D. Ill. 1989) (noting that "[j]ust because a person committed a crime does not mean that the police had probable cause to believe that he did so when they arrested him"). Accordingly, Defendants' objection is overruled, and the Court adopts that portion of the R & R denying Defendants' motion as to Plaintiff's Sixth and Seventh causes of action.

Finally, the Magistrate Judge recommend that Plaintiff's Third cause of action for assault and battery be dismissed as to Charleston EMS and that Plaintiff's Fourth cause of action for negligent infliction of emotional distress be dismissed as to all Defendants. Plaintiff objects to these findings noting, *inter alia*, that the state court which heard the action prior to removal denied a motion to dismiss filed by North Charleston and Charleston EMS regarding these claims. (Dkt. No. 20 at 7). Defendants, for their part, object to the Magistrate Judge's finding that Gadsen not be dismissed as to Plaintiff's Third cause of action. The Court upholds Plaintiff's objection and overrules Defendants'.

"After removal, the federal court 'takes the case up where the State court left it off.'" *Mester v. Boeing Co.*, No. 2:20-CV-1339-DCN, 2020 WL 3060524, at *5 (D.S.C. June 9, 2020) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 436 (1974)). Confronting "the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court," the Supreme Court noted that Congress provided a straightforward solution to the

problem in 28 U.S.C. § 1450. *Granny Goose Foods*, 415 U.S. at 435. Section 1450 provides, "All injunctions, orders, and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The Fourth Circuit has agreed that § 1450 is controlling in removed cases, holding that "a court should not reopen issues decided in earlier stages of the same litigation." *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 285 (4th Cir. 2008). "The utilization of § 1450 in this setting thus advances the principles that it seeks to promote—judicial economy and protection of the parties' rights." *Id.*

Here, the state court which initially heard this action rejected North Charleston and Charleston EMS' argument that NEID is solely a bystander liability-based claim. (Dkt. No. 10-4). *Strickland v. Madden*, a case from the Court of Appeals of South Carolina, appears to support Plaintiff's position. *See* 323 S.C. 63 (1994) (reasoning that NEID is a viable claim where a plaintiff sustained physical *and* emotional injuries as a result of a defendant's actions); *Kinard v. Augusta Sash & Door Co.*, 286 S.C. 579, 582 & n.2 (1985) (recognizing the tort of NEID, noting "[o]ur adoption of the cause of action is limited to 'by-stander recovery'" but expressing "no opinion as to whether the action is viable in other factual settings."). The state court further rejected Charleston EMS' arguments as it regarded dismissal of Plaintiff's assault and battery claim—namely that said claim was in-fact an incorrectly pled medical malpractice claim. In reaching its conclusion, the state court considered arguments which Defendants have repeated nearly verbatim here. *See* (Dkt. Nos. 10-2). "Because [those particular] issue[s] ha[ve] already been adjudicated in state court, the court cannot reopen the issue[s] to consider the substance of [Defendants'] motion to dismiss." *Mester v. Boeing Co.*, 2020 WL 3060524, at *5  (applying the law of the case doctrine in a similar situation); *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 668

7

(E.D. Va. 2004) ("Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court."). Therefore, the Court declines to adopt R & R as it pertains to Plaintiff's Third and Fourth causes of action. Both claims shall proceed as to all Defendants.

## II.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (Dkt. No. 4). Defendants' motion is granted as to Plaintiff's Fifth, Eighth and Ninth causes of action. Defendants' motion is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

December 17, 2020
Charleston, South Carolina